IN THE UNITED STATES COURTS OF APPEALS
FOR THE FIRST CIRCUIT

APPEAL NO. 18-1091

UNITED STATES OF AMERICA
Appellee

v.

JAMES FRANCIS-GORMAN
Defendant - Appellant

---

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

HONORABLE AIDA DELGADO
UNITED STATES DISTRICT JUDGE

---

BRIEF OF APPELLANT
PURSUANT TO *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967)

---

Maricarmen Almodovar-Diaz, Esq.
Attorney for Defendant-Appellant
James Francis-Gorman
U.S.C.A. No. 5970 / U.S.D.C.-PR 204406
malmodovarlaw@gmail.com
PO Box 363871
San Juan, P.R. 00936-3871
Tel. (787) 233-3306

AUSA ELBA GORBEA PADRÓ
Attorney for the United States
United States Attorney's Office
District of Puerto Rico
Torre Chardón Suite 1201
350 Chardón Avenue
Hato Rey, Puerto Rico 00918
Tel. (787) 282-1837
elba.gorbea@usdoj.com

IN THE UNITED STATES COURTS OF APPEALS
FOR THE FIRST CIRCUIT

APPEAL NO. 18-1091

UNITED STATES OF AMERICA
Appellee

v.

JAMES FRANCIS-GORMAN
Defendant - Appellant

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

HONORABLE AIDA DELGADO
UNITED STATES DISTRICT JUDGE

BRIEF OF APPELLANT
PURSUANT TO *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967)

Maricarmen Almodovar-Diaz, Esq.
Attorney for Defendant-Appellant
James Francis-Gorman
U.S.C.A. No. 5970 / U.S.D.C.-PR 204406
malmodovarlaw@gmail.com
PO Box 363871
San Juan, P.R. 00936-3871
Tel. (787) 233-3306

AUSA ELBA GORBEA PADRÓ
Attorney for the United States
United States Attorney's Office
District of Puerto Rico
Torre Chardón Suite 1201
350 Chardón Avenue
Hato Rey, Puerto Rico 00918
Tel. (787) 282-1837
elba.gorbea@usdoj.com

## TABLE OF CONTENTS

PAGE

1.  Appellate Jurisdiction …………………………………….     2

2.  Statement of Issues    ………………………………….     2

3.  Statement of the Case …………………………………….     3 - 5

4.  Statement of Facts     …………………………………......     5 - 9

5.  Standard of Review    ……………………………….     9

6.  Summary of Arguments        ………………………………     9 - 10

7.  Argument        …………………………………….     10- 14

8.  Conclusion    …………………………………….     15

9.  Prayer for Relief        ……………………………….     15

10. Certificate of Service …………………………………….     16

## TABLE OF AUTHORITIES

PAGE

**Statutes:**

| | |
|---|---|
| 18 U.S.C. § 3231 | 2 |
| 18 U.S.C. § 1291 | 2 |
| 28 U.S.C. § 2250 | 3 |
| 18 U.S.C. §3553 (a) | 5, 12, 14 |
| U.S.S.G.  § 2A3.5 (b)(2) | 2, 6, 7, 8, 10, 11, 12, 14 |

**Cases:**

| | |
|---|---|
| *Anders v. California*, 386 U.S. 738 (1967); | 2, 9-10 |
| *Gall v. United States,* 552 U.S. 38, 41 (2007); | 9, 10, 11 |
| *Mc Coy v. Court of Appeals*, 486 U.S. 429 (1988); | 2, 10 |
| *Penson v. Ohio*, 488 U.S. 75 (1988); | 2, 10 |
| *United States v. Aguilar-Pena*, 887 F.2d 347, 350 (1st Cir.1989); | 13 |
| *United States v. Baltas*, 236 F.3d 27, 39-40 (1st Cir. 2001); | 12 |
| *United States v. Batlle,* 637 F.3d 44, 50 (1st Cir. 2011); | 9 |
| *United States v. Clase-Espinal*, 115 F.3d 1054, 1056 n. 2 (1st Cir.1997); | 13 |
| *United States v. Clogston,* 662 F.3d 588, 590 (1st Cir. 2011); | 9, 10 |
| *United States v. Cortes-Medina,* 819 F.3d 566, 569 (1st Cir. 2016); | 11 |
| *United States v. De Costa*, 37 F.3d 5, 8 (1st Cir.1994); | 14 |
| *United States v. De la Cruz-Gutiérrez,* 881 F.3d 221 (1st Cir. 2018); | 9 |
| *United States v. Delgado-Reyes*, 245 F.3d 20 (1st Cir. 2001); | 12 |
| *United States v. Diaz-Villafañe*, 874 F.2d 43, 49 (1st Cir.), cert. denied, ___ U.S. ___, 110 S. Ct. 177, 107 L.Ed.2d 133 (1989); | 13 |

i

*United States v. Duarte*, 246 F.3d 56, 60 (1st Cir. 2001);                    11

*United States v. Figueroa-Figueroa,* 791 F. 3d. 187 (1st Cir. 2015);          9

*United States v. Flores-Machicote,* 706 F.3d 16, 220 (1st Cir. 2013);         11, 12

*United States v. Geminis-Adair*, 898 F.2d 813, 815 (1st Cir.1990);            13

*United States v. Lauzon*, 938 F.2d 326 (1st Cir 1991);                        13

*United States v. LeBlanc*, 24 F.3d 340, 348 (1st Cir.),
cert. denied, 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994);            14

*United States v. Morrison*, 46 F.3d 127 (1st Cir.1995);                       12, 13

*United States v. Pierro*, 32 F.3d 611, 619 (5th Cir.1994);                    14

*United States v. Rondón-Garcia,* 886 F.3d 14 (1st Cir. 2018);                 11

*United States v. Ruiz-Huertas*, 792 F.3d 223 (1st Cir. 2015);                 10

*United States v. Russell*, 870 F.2d 18 (1st Cir.1989) (*per curiam*);         13

*United States v. Tucker*, 892 F.2d 8, 11 (1st Cir.1989).                      13

**Rules and Regulations**:

Federal Rule of Appellate Procedure 4(b)(1)(A)(i)                             2

Case: 18-1091   Document: 00117360928   Page: 5   Date Filed: 11/02/2018   Entry ID: 6210581

-3-

APPEAL NO. 18-1091

IN THE UNITED STATES COURTS OF APPEALS
FOR THE FIRST CIRCUIT

APPEAL NO. 18-1091

UNITED STATES OF AMERICA
Appellee

v.

JAMES FRANCIS-GORMAN
Defendant - Appellant

---

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

HONORABLE AIDA DELGADO
UNITED STATES DISTRICT JUDGE

---

BRIEF OF APPELLANT
PURSUANT TO *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967)

---

TO THE HONORABLE COURT:

COMES NOW, the Appellant JAMES FRANCIS-GORMAN, on appeal in forma paupers, and through his court appointed attorney, very respectfully submits the following brief on appeal:

## I. STATEMENT OF THE SUBJECT MATTER AND APPELLATE JURISDICTION

Pursuant to the Indictment filed on March 9, 2017, the district court had original jurisdiction over this criminal action pursuant to 18 U.S.C. §3231.

-1-

APPEAL NO. 18-1091

This court has appellate jurisdiction over the final judgment entered by the district court pursuant to 28 U.S.C. §1291 and the sentence imposed by the district court pursuant to 18 U.S.C. §3472 (a)(2). Furthermore, this Court has jurisdiction to review the merits of this appeal, as the district court's judgment was entered on January 12, 2018 and Mr. James Francis-Gorman filed his notice of appeal within the fourteen (14) days prescribed by the *Federal Rules of Appellate Procedure 4(b)(1)(A)(i) (*on January 23, 2018).

## II. STATEMENT OF ISSUES

Whether the requirements of the United States Supreme Court cases, specifically, *Anders v. California*, 386 U.S. 738 (1967), *Mc Coy v. Court of Appeals*, 486 U.S. 429 (1988) and *Penson v. Ohio*, 488 U.S. 75 (1988) have been complied with. Counsel investigated the record and performed a diligent, conscientious, careful and thorough search to identify any arguable meritorious issues in support of clients' appeal is frivolous and that, to continue with this appeal would be unethical, unworthy of serious consideration and a frivolous exercise of the Court's jurisdiction.

Whether the district court clearly erred by not finding that the defendant attempted to register but was prevented from registering by uncontrollable circumstances and the defendant did not contribute to the creation of those circumstances complying with U.S.S.G. Section 2A3.5 (b)(2) which provides for a three-point reduction.

## III. STATEMENT OF THE CASE

On March 9, 2017, a federal grand jury in San Juan, Puerto Rico, returned a one (1) count indictment against the appellant, JAMES FRANCIS-GORMAN. The indictment charged as follows: On or about September 20, 2016, in the District of Puerto Rico, within the jurisdiction

-2-

of this Court, James Francis-Gorman, the defendant herein, a person required under the Sex Offender Registration and Notification Act, and a sex offender under the Commonwealth of Massachusetts State law, traveled in interstate commerce and did knowingly fail to register or update a registration, in violation of Title 18, *United States Code,* Section 2250.

On February 13, 2017, Mr. Francis-Gorman made his Initial Appearance before Magistrate Judge Marcos E. Lopez. The court ordered that a Federal Public Defender be appointed to provide legal representation to Mr. Francis-Gorman. The Preliminary and Bail Hearing was scheduled for February 16th, 2017. The Preliminary Hearing was later vacated because the grand jury returned an Indictment on March 9, 2017.

On March 15, 2017, Mr. Francis-Gorman was arraigned and plead not guilty to the Indictment.

On July 3, 2017, Mr. Francis-Gorman filed a motion for change of plea and on that same date the district court granted said motion. On July 10, 2017, the district court held the Change of Plea Hearing before Magistrate Judge Silvia Carreño-Coll. On that date, Mr. Francis-Gorman entered a straight plea of guilty to count one of the Indictment. App. No. 3.

During the Change of Plea Hearing, the court asked questions that verified that Mr. Francis-Gorman was competent. The Magistrate Judge also inquired whether the appellant consciously consented to the Magistrate Judge to preside the Change of Plea Hearing. The Magistrate Judge informed Mr. Francis-Gorman about the limited jurisdiction of Magistrate Judges and his right to have the hearing before a District Judge. The Magistrate Judge explained the procedure that would follow consisting of the submission of a Report and Recommendation telling the "presiding Judge in [his] case that [his] plea should be accepted," however, the

APPEAL NO. 18-1091

Magistrate Judges recommendations may be reviewed by the presiding District Judge. App. No. 3, pp. 12-13.

The Magistrate Judge inquired and assured that Mr. Francis-Gorman entered the plea of guilty on his own free will. The Magistrate Judge informed Mr. Francis-Gorman about the rights he will be deprived of once he pleads guilty to a felony charge and the maximum penalties he was exposed to at sentencing; up to ten (10) years of imprisonment, a fine of up to two hundred fifty thousand dollars ($250,000.) and up to life of supervised release. App. No. 3, pp. 14-16.

During the colloquy with the Magistrate Judge Mr. Francis-Gorman admitted that on or about September 20, 2016 he was required to register under the Sex Offender Registration Notification Act, that he had failed to do so and that he knew what he was doing. App. No. 3, p. 21 (L. 10-22).

The Court concluded that Mr. Francis-Gorman's answers constituted admissions to the essential elements of the offense. App. No. 3, p. 21.

On November 22, 2017, the Presentence Investigation Report was rendered. Docket No. 36.

On December 14, 2017, a first Addendum to the Presentence Report was filed. Docket No. 37. On December 19, 2017, a second Addendum to the Presentence Investigation Report was submitted. Docket No. 42.

On July 20, 2018, the Sentencing Hearing was held in Jackson, Mississippi presided by Hon. Judge Debra M. Brown. App. No. 4, pp. 44-100. Judgment was entered on that same date. Add. No.3, pp. 3 - 9.

On January 23, 2018, Mr. James Francis-Gorman filed Notice of Appeal. Add. No. 4, p.

-4-

10.

## IV.    STATEMENT OF FACTS

On July 10, 2017, Mr. James Francis-Gorman entered a straight plea to the Indictment. App. No. 4, p. 88. During the Change of Plea Hearing, the Court explained to Mr. Francis-Gorman, the nature of the accusation, the maximum statutory incarceration term of up to ten years, monetary penalties of up to $250,000 and supervised release for up to life. App. No. 3, pp. 14-16.

The court also explained the ranges of time to be served according to the advisory Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. 3553(a) that are considered by the court to fashion the appropriate sentence in the case. App. No. 3, pp. 16. The court also explained that parole has been abolished in the federal system. App. No. 3, p.16.

The court explained Mr. Gorman about the constitutional rights he forfeited by pleading guilty, including but not limited, about his right to persist in a plea of not guilty, his right to a speedy, public trial by Jury before a federal District Judge and his constitutional right to be presumed innocent, to hear, confront and cross-examine the government's witnesses and the government's burden to prove his guilt beyond a reasonable doubt. App. No. 3, pp. 16-18.

The court informed Mr. Gorman about his right to testify on his behalf if he so desired but his constitutional right to remain silent and not testify, in which case such decision cannot be used against him. The Court also informed Mr. Francis-Gorman about his right to use the power of the court to compel the attendance of witnesses or the production of documents through the subpoena power of the court. And to have a jury return a unanimous verdict before he could be found guilty or not guilty. App. No. 3, pp. 13-18.

APPEAL NO. 18-1091

The Sentencing Hearing was held on December 20, 2017. App. No. 4, pp. 45-100. During the Hearing, the court identified for the record the documents it reviewed for purposes of sentencing, including the second Addendum to the Presentence Report. Mr. Francis-Gorman acknowledge he had the opportunity to review the presentence report with his attorney, including potential objections. App. No. 4., pp. 45-18.

The PSR recommended a base offense level of 14 for a defendant required to register as a Tier II offender. Mr. Gorman's defense argued in favor of three (3) level reduction under the specific characteristics of the appellant-defendant's attempt to register. Mr. Francis-Gorman argued that, pursuant to USSG § 2A3.5 (b) (2) (B), a decrease by three (3) levels applied if the defendant attempted to register but was prevented by uncontrollable circumstances and the defendant did not contribute to the creation of such circumstances. Pursuant to *Application Note 2* to USSG § 2A3.5 (b) (2) (B), for subsection (b)(2) to apply, the defendant's voluntary attempt to register or to correct failing to register must have occurred before the defendant knew or reasonably should have known a jurisdiction had detected the failure to register." App. No. 3, pp. 29-30; App. 4, pp. 68, 71-73, 84-85.

The defense further argued that the facts supported the court to find that all conditions established for the three levels reduction in his base offense level to apply pursuant to USSG § 2A3.5 (b) (2) (B) had been complied with by Mr. Gorman. The defense argued that the facts showed that Mr. Francis-Gorman made good faith efforts to register. App. No. 4, pp. 84-85.

Mr. Francis-Gorman arrived in San Juan, Puerto Rico on September 21, 2016 and took a taxi to Isla Verde, Carolina. Went to visit an aunt, had lunch and went to the police station to register as a sex offender. Mr. Francis-Gorman waited for over 40 minutes an no one assisted

-6-

him. He attempted to register again, an attempt that was interrupted by a power plant explosion that interrupted the electrical services in parts of Puerto Rico. According to discovery, the police learned of Mr. Gorman's presence on the Island on December 9, 2016 when Mr. Gorman contacted the police regarding illicit activity by other individuals. After the meeting with Mr. Gorman on December 9, 2016, a criminal history check was ran by the officer which alerted the officer that Gorman was a sex offender. An investigation followed that determined that he had not registered in Puerto Rico. App. 3, p. 5.

The court analyzed the facts as asserted by the defendant. The court concluded that although the electricity blackout did occur but that it was restored a couple of days later. The defendant bears the burden of showing the entitlement to the reduction. Concluded that the email the defendant forwarded to the Massachusetts Sex Offender Board did not constitute an attempt to register to the extent that it was "just an e-mail to that board." App. No. 4, p. 74 (L. 15-18). The court concluded that the defendant "may have been prevented from registering on September 21 and perhaps two or three days later, [but] was not prevented over the time that followed." App. No. 4, p. 74 (L.19-22).

Consequently, the court overruled defendant's objection to Paragraph 13 of the PSR and maintained the base offense level at 14 minus two-level reduction for acceptance of responsibility kept the offense level at 12 and a Criminal History III. App. No. 4, p. 74. The advisory sentencing guidelines point to a range of incarceration of 15 to 21 months. App. No. 4, pp. 76 (L.16-24), 78 (L.14-23).

The court addressed Mr. Gorman the relevant factors under 18 USC §3553(a) the court must consider in determining his sentence to ensure that the sentence is sufficient but not greater

than necessary to comply with the purposes of sentencing." App. No. 4, pp. 80, 81 (L. 1-8).

The court invited Mr. Gorman to address the court and he did explain to the court that for twenty years he has complied with the registration requirement. He explained how he complied with the registration requirement in Wisconsin, Illinois and Massachusetts, that he did not intend to violate the registration requirement while in Puerto Rico and for that purpose, he sent an email to Marilyn O'Neill of the Massachusetts Sex Offender Registry Board. He explained that he works as a commercial fisherman that requires him to be out in the sea for periods of up to 30 days. He notified Boston that he had not received a message from Puerto Rico regarding an appointment to register. App. No. 4, pp. 81 (L.9-25) to 84 (L. 1-6).

The Presentence Report of Investigation establishes that Mr. Gorman sent the above-mentioned email on October 24, 2016 to Marilyn O'Neill, "indicating that he had left Massachusetts the previous month and forwarding a copy of the electronic ticket as evidence of his travel. The defendant also made himself available to be contacted by phone if needed."[1]

The court ordered defendant to be committed to the custody of the Bureau of Prisons for the term of 15 months -the lowest of the range - supervised release for a term of ten years and imposed a monetary assessment of $100.00. The court also informed the defendant about his right to appeal the sentence, particularly if he understood that the sentence is contrary to law. The court also notified the defendant about the term of 14 days to file the Notice of Appeal, with the assistance of the clerk of the court if he so requested and was unable to pay for the appeal. Transcript of Sentencing Hearing. App. No. 4, pp. 91-96.

Judgment was entered on January 12, 2018. Add. No. 3, pp. 3-9. Notice of Appeal was

Case: 18-1091    Document: 00117360928    Page: 14    Date Filed: 11/02/2018    Entry ID: 6210581

filed on January 23, 2018. Add. No. 4, p. 10.

## V.    STANDARD OF REVIEW

Claims of sentencing error trigger a two-step inquiry: first, it must be determined whether the sentence imposed is procedurally reasonable and second, whether it is substantively reasonable. *United States v. Figueroa-Figueroa,* 791 F. 3d. 187 (1st Cir. 2015) (quoting *United States v. Clogston,* 662 F.3d 588, 590 (1st Cir. 2011). In evaluating the substantive reasonableness of a sentence, the "abuse of discretion" standard applies. *United States v. Batlle,* 637 F.3d 44, 50 (1st Cir. 2011) (quoting *Gall v. United States,* 552 U.S. 38, 41 (2007)) as cited in *United States v. De la Cruz-Gutierrez,* 881 F.3d 221 (1st Cir. 2018).

## VI.    SUMMARY OF ARGUMENTS

### A.  Lack of meritorious issues in support of clients' appeal

Whether the requirements of the United States Supreme Court cases, specifically *Anders v. California*, 386 U.S. 738 (1967), *Mc Coy v. Court of Appeals*, 486 U.S. 429 (1988) and *Penson v. Ohio*, 488 U.S. 75 (1988) have been complied.

### B. The district court erred by not departing downward under U.S.S.G §2A3.5(a)(2).

Whether the sentencing court incorrectly applied facts and the Guidelines, thus rendering the a procedurally and substantively unreasonable sentence when the court refused to depart downward under U.S.S.G §2A3.5(a)(2).

## VII.    ARGUMENTS

Whether the requirements of the United States Supreme Court cases, specifically *Anders v.*

---

[1] See, Presentence Investigation Report, at page 5, Docket No. 36.

*California*, 386 U.S. 738 (1967), *Mc Coy v. Court of Appeals*, 486 U.S. 429 (1988) and *Penson v. Ohio*, 488 U.S. 75 (1988) have been complied with inasmuch as counsel's diligent, conscientious, careful and thorough search and investigation of the record for any arguable meritorious issues in support of clients' appeal is wholly frivolous and that to continue with this appeal would be unethical, unworthy of serious consideration and a frivolous exercise of the Court's jurisdiction.

This appeal follows a straight guilty plea. At issue is whether the district court erred by not departing downward and applying a three-level reduction of the base offense level under U.S.S.G §2A3.5(a)(2).

Since both issues are closely related, the discussion will be integrated.

In sentencing appeals, appellate review is bifurcated. See *United States v. Ruiz-Huertas*, 792 F.3d 223 (1st Cir. 2015) citing *United States v. Clogston*, 662 F.3d 558, 590 (1st Ci. 2001). Sentences are reviewed for reasonableness, using a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). The reviewing court first consider whether the sentence is procedurally sound. Id at 597. Then the court consider whether the sentence is substantially reasonable using the abuse of discretion standard taking into account the totality of the circumstances. *Gall* at 51.

The court reviews the court's interpretation or the application of the guidelines de novo and its factual findings for clear error. *United States v. Flores-Machicote,* 706 F.3d 16, 220 (1st. Cir. 2013). To prevail under the clear error standard, the defendant must establish "(1) that an error occurred (2) which was clear and obvious and which not only (3) affected [his] substantial rights, but also, (4) seriously impaired the fairness, integrity, or public reputation of judicial

-10-

proceedings." *United States v. Duarte*, 246 F.3d 56, 60 (1st Cir. 2001); *see also*, *United States v. Cortes-Medina,* 819 F.3d 566, 569 (1st Cir. 2016). Thus, a finding is not clearly erroneous if it is plausible in light of the record as a whole.

The Court of Appeals is without jurisdiction to adjudicate this appeal. The sentence imposed is reasonable and not procedurally flawed. The method utilized by the sentencing court for arriving at the sentence did not present an appealable procedural error. *United States v. Rondón-Garcia,* 886 F.3d 14 (1st Cir. 2018) citing *Gall,* 552 U.S. at 46.

U.S.S.G §2A3.5 (b) provides that a defendant's base offense level should be decreased by three levels, "[i]f the defendant voluntarily (A) corrected the failure to register or (B) attempted to register but was prevented from registering by uncontrollable circumstances and the defendant did not contribute to the creation of those circumstances." U.S.S.G 2A3.5(b)(2).

The sentencing court's decision to deny the defendant's request for a three-level reduction on the base offense level pursuant to U.S.S.G §2A3.5(a)(2) is based on the court's analysis and conclusion, that the factual scenario presented by Mr. Gorman failed at meeting the criteria that above stated criteria.

The record shows that the sentencing court properly calculated the sentence (15 to 21 months of incarceration), treated the guidelines as advisory, considered the sentencing factors set forth in 18 U.S.C. §3553(a) and adequately explained the chosen sentence. The record reflects that the district court considered the nature and circumstances of the offense as well as defendant's history and characteristics in determining Mr. Gorman's sentence.

The findings of facts upon which the sentencing court supported the sentence imposed, are supported by the record, the admissions of the defendant, the Presentence Investigation Report,

the defendant's Sentencing Memorandum the colloquy between the court and the defendant during the Change of Plea Hearing and the Sentencing Hearing.

The potentially mitigating factors emphasized by the defendant were fully argued by the defense and specifically acknowledged by the sentencing court before it imposed the sentence. See, *Flores-Machicote,* 706 F.3d at 23.

because a sentencing court's discretionary refusal to depart is ordinarily not reviewable. *United States v. Delgado-Reyes*, 245 F.3d 20 (1st Cir. 2001); *United States v. Baltas*, 236 F.3d 27, 39-40 (1st Cir. 2001) (holding that decisions not to depart horizontally are unreviewable unless the sentencing court committed legal error in making its determination). No appeal lies from a discretionary refusal to depart. *United States v. Morrison*, 46 F.3d 127 (1st Cir.1995). It is a well-accepted rule that unless the decision involves an incorrect application of the Guidelines or is otherwise in violation of the law, a district court's discretionary refusal to depart downward is not appealable. *United States v. Lauzon*, 938 F.2d 326 (1st Cir 1991); *United States v. Geminis-Adair*, 898 F.2d 813, 815 (1st Cir.1990); *United States v. Tucker*, 892 F.2d 8, 11 (1st Cir.1989).

Although a refusal to depart is not ordinarily appealable, the rule is otherwise if the district court refused on the ground that it lacked the authority to depart. That well-established exception to this general rule, however, empowers the Court of Appeals, if the sentencing court did not realize it could depart. *U.S. v. Delgado-Reyes*, 245 F.3d 20 (1st Cir. 2001); *United States v. Clase-Espinal*, 115 F.3d 1054, 1056 n. 2 (1st Cir.1997).

Where, however, a district court fails to depart because it feels that it is not authorized to do so, its decision is not an exercise of discretion, but an interpretation of law. In those instances, the Court of Appeals may exercise plenary review over the district courts' interpretations of law.

-12-

*United States v. Aguilar-Pena*, 887 F.2d 347, 350 (1st Cir.1989); *United States v. Diaz-Villafane*, 874 F.2d 43, 49 (1st Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989).

The Court of Appeals also has appellate jurisdiction where it is unclear whether a district court's refusal to depart was based on an exercise of discretion or based upon the district court's finding that it could not depart as a matter of law. *United States v. Russell*, 870 F.2d 18 (1st Cir.1989) (*per curiam*).

In *United States v. Morrison*, 46 F.3d 127 (1st Cir.1995), the Court of Appeals, restated the difference between the rule and the exception. It was described as follows:

> If the judge sets differential fact-finding and evaluative judgments to one side, and says, in effect, "this circumstance of which you speak, even if it exists, does not constitute a legally sufficient basis for departure," then the correctness of that quintessentially legal determination may be tested on appeal. But if the judge says, in effect, either that "this circumstance of which you speak has not been shown to. exist in this case," or, alternatively, that "while this circumstance of which you speak might exist and might constitute a legally cognizable basis for a departure in a theoretical sense, it does not render this particular case sufficiently unusual to warrant departing," then, in either such event, no appeal lies. *United States v. Pierro*, 32 F.3d 611, 619 (5th Cir.1994).

Thus, an appeal lies if the departure decision is based on an assessment that the sentencing court is powerless to depart on the grounds alleged by the proponent, but not if the court simply declines to exercise its discretionary power to depart.

When determining whether the sentencing court merely refused to exercise its discretionary power to depart, we consider the totality of the record and the sentencing court's actions as reflected therein. See: *United States v. LeBlanc*, 24 F.3d 340, 348 (1st Cir.), cert. denied, 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994). We do not consider any single statement in a

vacuum. *United States v. DeCosta*, 37 F.3d 5, 8 (1st Cir.1994); *see*, *LeBlanc*, 24 F.3d at 348. Rather, it is necessary to view the statement in the context of the hearing as a whole and the court's action as reflected by the record. *See, DeCosta*, 37 F.3d at 8.

The record clearly shows that this case does not involve an incorrect application of the Guidelines or is otherwise in violation of the law. In the case at bar, the sentencing court did no incur in clear error in analyzing the facts upon which it based its decision to find that the defendant did not comply the requirements of U.S.S.G 2A3.5 (b). The sentencing court, based on the record as a whole, simply declined to exercise its discretionary power to depart. Since the sentencing court's discretionary refusal to depart is not reviewable, the Court of Appeals is without jurisdiction to adjudicate this Appeal.

## VIII.      CONCLUSION

The careful and diligent study of the evidence and proceedings contained in the change of plea hearing, presentence reports of investigation, sentencing memorandum, sentencing transcripts, to identify any arguable meritorious issues in support of client's appeal requires counsel to conclude that this appeal is wholly frivolous, unworthy of serious consideration and a frivolous exercise of this Court's jurisdiction and a violation of professional ethics pursuant to the American Bar Association Standards for Criminal Justice.

## IX.      PRAYER FOR RELIEF

Wherefore, there being nothing in the record that supports and appeal by the defendant-appellant James Francis-Gorman, the undersigned counsel respectfully prays that this Honorable Court dismiss the appeal and allow the undersigned attorney to withdraw from this case.

RESPECTFULLY SUBMITTED.

-14-

APPEAL NO. 18-1091

In San Juan, Puerto Rico this 19th day of October 2018.

_____

*s/Maricarmen Almodovar-Diaz*
Maricarmen Almodovar-Diaz, Esq.
Attorney for Defendant-Appellant
James Francis-Gorman
U.S.C.A. No. 5970 / U.S.D.C.-PR 204406
malmodovarlaw@gmail.com
PO Box 363871
San Juan, P.R. 00936-3871
TEL (787) 233-3306

## X.      CERTIFICATE OF SERVICE

I, **MARICARMEN ALMODOVAR-DIAZ** hereby certify that on this same date one (1) hard copy and one (1) computer disk of the foregoing Brief of Appellant and one (1) accompanying hard copy of the Addendum to Brief of Appellant has been sent by regular mail to the United States of America through AUSA ELBA GORBEA PADRÓ, Torre Chardón Suite 1201, 350 Chardón Avenue, Hato Rey, Puerto Rico 00918; and one (1) copy of Appellant's Brief and Addendum has been sent by certified mail to the Appellant, **MR. JAMES FRANCIS-GORMAN**, Registration No. 14479-104, MDC Guaynabo, Metropolitan Detention Center, P.O. Box 2005, Cataño, Puerto Rico 00963.

In San Juan, Puerto Rico, this 19th day of October 2018.

*S/Maricarmen Almodovar-Diaz*
MARICARMEN ALMODOVAR-DIAZ, ESQ.

-15-

APPEAL NO. 18-1091

U.S.C.A. No. 5970 / U.S.D.C.-PR 204406
P.O. Box 363871
San Juan, Puerto Rico 00936-3871
Tel.: 787-233-3306
malmodovarlaw@gmail.com

# Certificate of Compliance With Type-Volume Limit

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1.  This document complies with the type volume limit Fed. R. App. P. because, excluding the parts of the document exempted by [please select]

☑ this document contains ___4125___ words, **or**

☐ this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☑ this document has been prepared in a proportionally spaced typeface using
Type New Roman, 12 ppoints_____ in
_____, **or**

☐ this document has been prepared in a monospaced typeface using
_____ with
_____.

(s) Maricarmen Almodovar-Diaz

Attorney for Appellant_____

Dated: October 3, 2018_____

IN THE UNITED STATES COURTS OF APPEALS
FOR THE FIRST CIRCUIT

APPEAL NO. 18-1091

UNITED STATES OF AMERICA
Appellee

v.

JAMES FRANCIS-GORMAN
Defendant - Appellant

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

## TABLE OF CONTENTS ADDENDUM

|  | PAGE |
|---|---|
| 1. Criminal Docket | 1 |
| 2. Indictment | 2 |
| 3. Judgment | 3 - 9 |
| 4. Notice of Appeal | 10 |

Case: 18-1091    Document: 00117360928    Date Filed: 11/02/2018    Page: 24    Entry ID: 6210581

# United States District Court
# District of Puerto Rico (San Juan)
# CRIMINAL DOCKET FOR CASE #: 3:17–cr–00161–ADC–1

Case title: USA v. Gorman
Magistrate judge case number: 3:16–mj–01919–BJM

Date Filed: 03/09/2017
Date Terminated: 12/20/2017

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/09/2017 | 16 | 2 | INDICTMENT as to James Francis Gorman (1) count(s) 1. (ov) (Additional attachment(s) added on 3/10/2017: # 1 NPV–Indictment) (ov). (Entered: 03/10/2017) |
| 01/12/2018 | 44 | 3 | JUDGMENT as to James Francis Gorman (1), Count(s) 1, IMPR: Fifteen (15) months. SRT: Ten (10) years. Fine waived. SMA: $100.00 Signed by District Judge Debra M. Brown on 12/20/17.(mgb) (Entered: 01/12/2018) |
| 01/23/2018 | 46 | 10 | NOTICE OF APPEAL by James Francis Gorman as to 44 Judgment<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm** (Martin, Laronda) (Entered: 01/23/2018) |

1

## IN THE UNITED STATES DICTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**JAMES FRANCIS GORMAN,**<br>Defendant. | **INDICTMENT**<br><br>CRIMINAL NO. 17 – 161 (ADC)<br><br>**VIOLATION:**<br>**Title 18, *United States Code*, Section 2250**<br>**(ONE COUNT)** |

**THE GRAND JURY CHARGES:**

**COUNT ONE**

**Failure to Register**
**(Title 18, *United States Code*, Section 2250)**

On or about September 20, 2016, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

**JAMES FRANCIS GORMAN,**

the defendant herein, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction under the Commonwealth of Massachusetts State law, traveled in interstate commerce and did knowingly fail to register or update a registration, in violation of Title 18, *United States Code*, Section 2250.

**ROSA EMILIA RODRIGUEZ-VELEZ**
**UNITED STATES ATTORNEY**

_____

**JOSE CAPO-IRIARTE**
Assistant United States Attorney
Chief, Criminal Division

Date: 3/9/2011

_____

**MARSHAL D. MORGAN**
Assistant United States Attorney
Chief, Crimes Against Children and
Human Trafficking Unit

_____

**ELBA GORBEA**
Assistant United States Attorney
Crimes Against Children and
Human Trafficking Unit

2

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Puerto Rico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>James Francis Gorman | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  3:17-cr-00161-01 (ADC)<br><br>USM Number:  14479-104<br><br>Francisco Celedonio<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   One (1) of the Indictment on 7/31/2017.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2250 | FAILURE TO REGISTER AS A SEX OFFENDER | 9/20/2016 | 1 |

The defendant is sentenced as provided in pages 2 through    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                       ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/20/2017
Date of Imposition of Judgment

S/ Debra M. Brown
Signature of Judge

Debra M. Brown, U.S. District Judge
Name and Title of Judge

12/20/2017
Date

3

AO 245B (Rev. 09/17) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:  James Francis Gorman
CASE NUMBER:  3:17-cr-00161-01 (ADC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Fifteen (15) months.

☑  The court makes the following recommendations to the Bureau of Prisons:

1. The defendant be given credit for time currently serving.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m.  ☐ p.m.  on _____

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

4

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page   3   of   7

DEFENDANT:   James Francis Gorman
CASE NUMBER:   3:17-cr-00161-01 (ADC)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Ten (10) years.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.

2.   You must not unlawfully possess a controlled substance.

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you
            pose a low risk of future substance abuse. *(check if applicable)*

4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

5

the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.


## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: <u>www.uscourts.gov</u>.

Defendant's Signature                                         Date

AO 245B(Rev. 09/17) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page     5     of     7

DEFENDANT: James Francis Gorman
CASE NUMBER: 3:17-cr-00161-01 (ADC)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of probation recommended by the United States Sentencing Commission and adopted by this court.

2. The defendant shall not unlawfully possess controlled substances.

3. The defendant shall refrain from possessing firearms, destructive devices, and other dangerous weapons.

4. The defendant shall not have personal contact with the victim of his prior sex offense, and shall not engage in communication with the victim through mail, letters, telephone, computer, electronic devices, or third parties. The only exception relies in the incidental contact in normal commercial life.

5. The defendant shall provide the probation officer access to any financial information upon request.

6. The defendant shall cooperate in the collection of a DNA sample as directed by the Probation Officer, pursuant to the Revised DNA Collection Requirements, and 18 U.S.C. § 3563(a)(9).

7. The defendant shall participate in an approved substance abuse monitoring and/or treatment services program. The defendant shall refrain from the unlawful use of controlled substances and submit to a drug test within 15 days of release; thereafter, submit to random drug testing, no less than 3 samples during the supervision period and not to exceed 104 samples per year accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If deemed necessary, the treatment will be arranged by the officer in consultation with the treatment provider. The defendant is required to contribute to the cost of services rendered (co-payment) in an amount arranged by the Probation Officer based on the ability to pay or availability of third party payment.

8. The defendant shall participate in an approved mental health treatment program for evaluation and/or treatment services determination. If deemed necessary, the treatment will be arranged by the officer in consultation with the treatment provider; the modality, duration, and intensity of treatment will be based on the risks and needs identified. The defendant will contribute to the costs of services rendered by means of co-payment, based on his ability to pay or the availability of third party payment.

9. The defendant shall submit to a search of his person, property, house, residence, vehicles, papers, computer, other electronic communication or data storage devices or media, and effects (as defined in 18 U.S.C. § 1030(e)(1)), to search at any time, with our without a warrant, by the probation officer, and if necessary, with the assistance of any other law enforcement officer (in the lawful discharge of the supervision functions of the Probation Officer) with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. The Probation Officer may seize any electronic device which will be subject to further forensic investigation/analyses. Failure to submit to such a search and seizure may be grounds for revocation. The defendant shall warn any other residents or occupants that their premises may be subject to search pursuant to this condition.

10. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the U.S. Probation Officer, the Federal Bureau of Prisons, or any state, U.S. Territory or Indian Tribe, sex offender registration agency in which he resides, works, is a student, carry on a vacation, or was convicted of a qualifying offense.

11. The defendant shall undergo a sex-offense-specific evaluation and/or participate in a sex offender treatment/and or mental health treatment program arranged by the Probation Officer. The treatment will be arranged by the Officer in consultation with the treatment provider; the modality, duration, and intensity of treatment will be based on the risks and needs identified. The defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to testing; such as polygraph, and/or any other testing available at the time of his release. The defendant shall waive his right of confidentiality in any records for mental health assessment and treatment, and sign any necessary release form required to obtain the records, imposed as a consequence of this judgment to allow the Probation Officer to review the defendant's course of treatment and progress with the treatment provider. The defendant shall be required to submit to an initial polygraph examination and subsequent maintenance testing intervals to be determined by the probation office to assist in treatment planning and case monitoring and as a means to ensure that he is in compliance with the requirements of his supervision or treatment program. The defendant will be required to contribute to the costs of services rendered, by means of co-payment, based on his ability to pay or availability of third-party payment.

7

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   7

DEFENDANT: James Francis Gorman
CASE NUMBER: 3:17-cr-00161-01 (ADC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ |

☐  The determination of restitution is deferred until             . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $           0.00 | $           0.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

8

AO 245B  (Rev. 09/17) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page   7   of   7

DEFENDANT:  James Francis Gorman
CASE NUMBER:  3:17-cr-00161-01 (ADC)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑   Lump sum payment of $   100.00       due immediately, balance due

        ☐   not later than               , or
        ☐   in accordance with   ☐ C,     ☐ D,     ☐ E, or     ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with     ☐ C,     ☐ D, or     ☐ F below); or

C   ☐   Payment in equal       *(e.g., weekly, monthly, quarterly)* installments of $           over a period of
              *(e.g., months or years)*, to commence         *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal       *(e.g., weekly, monthly, quarterly)* installments of $           over a period of
              *(e.g., months or years)*, to commence         *(e.g., 30 or 60 days)* after release from imprisonment to a
        term of supervision; or

E   ☐   Payment during the term of supervised release will commence within         *(e.g., 30 or 60 days)* after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>v.<br><br>**JAMES FRANCIS GORMAN,**<br>**Defendant.** | **CRIMINAL NO.   17-161 (ADC)** |

### NOTICE OF APPEAL

TO THE HONORABLE COURT:

Notice is hereby given by James Francis Gorman, the defendant herein, that he respectfully appeals to the United States Court of Appeals for the First Circuit from the Judgment and Sentence entered against him on January 12, 2018 before Honorable Debra M. Brown, United States District Judge for the District of Mississippi.

Defendant further requests that the Office of the Federal Defender, District of Puerto Rico, continue representing him in this appeal.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 23rd day of Janaury, 2018.

**ERIC A. VOS**
**Federal Public Defender**
**District of Puerto Rico**

**/S/ LARONDA MARTIN**
**USDC-PR 02207**
**A.F.P.D. for Defendant**
**241 Franklin D. Roosevelt Avenue**
**San Juan, PR  00918-2441**
**Tel. (787) 281-4922**

10

Fax (787) 281-4899
E-mail : laronda_martin@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date  I electronically filed the foregoing motion with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties

of record.

In San Juan, Puerto Rico, this 22nd day of January, 2017.

**ERIC A. VOS**
**Federal Public Defender**
**District of Puerto Rico**

**/S/ LARONDA MARTIN**
**USDC-PR02207**
**A.F.P.D. for Defendant**
**241 Franklin D. Roosevelt Avenue**
**San Juan, PR  00918-2441**
**Tel. (787) 281-4922**
**Fax (787) 281-4899**
**E-mail :** laronda_martin@fd.org

11

IN THE UNITED STATES COURTS OF APPEALS
FOR THE FIRST CIRCUIT

APPEAL NO. 18-1091

UNITED STATES OF AMERICA
Appellee

v.

JAMES FRANCIS-GORMAN
Defendant - Appellant

---

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

HONORABLE AIDA DELGADO
UNITED STATES DISTRICT JUDGE

---

APPENDIX

Maricarmen Almodovar-Diaz, Esq.
Attorney for Appellant
U.S.C.A No. 5970
U.S.D.C.-P.R. No. 204406
P.O. Box 363871
San Juan, Puerto Rico 00936-3871
malmodovarlaw@gmail.com